UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Richard Caban

Write the full name of each plaintiff.

-against-

New York City District Council of Carpenters Pension Plan; David Stewart, Executive Director; Joseph A. Geiger, Co-Chairman and Union Trustee; David T. Meberg, Co-Chairman and Management Trustee; Monica Schmidt, Appeals Committee

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

19 CV 6205

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

Do you want a jury trial?
☑ Yes   ☐ No

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-9-19

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

2019 JUL -9 PM 12: 25
SDNY PRO SE OFFICE
RECEIVED

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
ERISA
_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

**Richard**                                    **Caban**
First Name            Middle Initial            Last Name

**84 Madison Street**
Street Address

**Lynbrook**                **NY**              **11563**
County, City                State               Zip Code

**917-217-5017**            **richard.caban@verizon.net**
Telephone Number            Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| New York City District | Council of Carpenters Pension Fund |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

395 Hudson Street

Current Work Address (or other address where defendant may be served)

| New York | NY | 10014 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| David | Meberg |
|---|---|
| First Name | Last Name |

Co-Chairman and Union Trustee

Current Job Title (or other identifying information)

395 Hudson Street

Current Work Address (or other address where defendant may be served)

| New York | NY | 10014 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| Joseph | Geiger |
|---|---|
| First Name | Last Name |

Co-Chairman and Management Trustee

Current Job Title (or other identifying information)

395 Hudson Street

Current Work Address (or other address where defendant may be served)

| New York | NY | 10014 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4: **David Stewart**
      First Name      Last Name

      **Executive Director**
      Current Job Title (or other identifying information)

      **395 Hudson Street**
      Current Work Address (or other address where defendant may be served)

      **New York**      **NY**      **10014**
      County, City      State      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: **395 Hudson Street, New York, NY 10014**

Date(s) of occurrence: **1993 to present**

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**See attached**

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

N/A

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Reinstatement of vesting benefits; any other relief that this Court may deem proper

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 7/9/2019 | *(signature)* |
|---|---|
| Dated | Plaintiff's Signature |
| **Richard** | **Caban** |
| First Name    Middle Initial | Last Name |
| **84 Madison Street** | |
| Street Address | |
| **Lynbrook**      NY      11563 | |
| County, City    State    Zip Code | |
| **917-217-5017** | **richard.caban@verizon.net** |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

## Statement of Facts[1]

Background

1. Plaintiff Richard Caban is a 57-year-old carpenter and a member of the United Brotherhood of Carpenters and Joiners, Local 157 in Manhattan ("the Union" or "Local 157").

2. Mr. Caban has been a member in good standing of the Union since 1993, and has paid dues continuously to the present day.

3. Between 1993 and 2005, Mr. Caban contributed regularly to the New York City District Council of Carpenters Pension Fund ("the Fund") from his paycheck. The New York City District Council of Carpenters Pension Plan ("the Plan") was a qualified pension plan under the Employment Retirement Income Security Act of 1974 ("ERISA").

4. In this time period, Mr. Caban earned 2.75 vesting credits towards his pension benefit. Under the terms of the Plan, 5 vesting credits are required for an employee to become vested in his or her pension benefits.

5. To earn 0.25 vesting credits, an employee must work at least 300 hours of covered employment in a calendar year.

6. A union carpenter working full time would typically expect to gain 5 vesting credits and thereby become vested in his benefits within 5 years.

Improper and Discriminatory Behavior by the Union

7. From 1993 through 2005, Local 157 operated in a discriminatory manner, such that members who were part of disfavored groups, including Latinos, were denied regular work assignments.

---

[1] This document was prepared with assistance from the New York Legal Assistance Group's Clinic for *Pro Se* Litigants in the Southern District of New York.

1

8. Mr. Caban is Latino and was a member of a disfavored group that was denied work assignments by Local 157 for discriminatory reasons.

9. In the late 1990s, Mr. Caban helped found Local 157's Latino Group as a way to combat this discriminatory work environment.

10. Mr. Caban complained of discriminatory treatment to the Union's internal hotline and to the NLRB but was ignored.

11. Local 157 also operated in an improper manner in that it allowed non-union workers to take jobs that should have been reserved for union workers such as Mr. Caban.

12. That Local 157 operated in an improper manner is reflected by the fact that NLPC.org reported that between 1994 and 2005, the union had improperly allowed nonunion workers to take construction jobs at the expense of union workers.[2]

13. NLPC.org also reported that in 2004, former District Council leader Michael Forde had been convicted of taking a bribe to "look the other way while nonunion workers renovated the old Park Central hotel," and while the conviction was set aside on procedural grounds, Forde was found guilty again in 2010 for a strikingly similar set of offenses revolving around taking bribes to ignore labor law violations.[3]

14. Similarly, the Village Voice reported on December 4, 2007, that then-President of the United Brotherhood of Carpenters and Joiners, Douglas McCarron, had described Local 157 as "a mismanaged mess where [business agents] come and go as they please, following few, if any, rules."[4]

15. Between 1993 and 2005, Mr. Caban was denied work by Local 157 for discriminatory and other improper reasons.

---

[2] https://nlpc.org/2010/11/29/new-york-carpenters-boss-michael-forde-sentenced/
[3] *Id.*
[4] https://www.villagevoice.com/2007/12/04/nails-in-their-stockings/

2

## Mr. Caban Becomes an Inactive Union Member in Good Standing

16. In 2006, Mr. Caban suffered a disabling work injury due to a collapsing scaffold that prevented him from working as a carpenter over the next several years.

17. While not working, he remained a member in good standing of the Union by continuing to pay his dues, although he was on inactive status because he was not taking on any carpentry work.

## Mr. Caban Resumes Active Status in the Union and Learns of the Loss of His Pension Vesting Credits

18. In 2018, Mr. Caban returned to his former career as a union carpenter, and resumed his status as an active member of the Union.

19. Upon inquiring with the Union on March 12, 2019, regarding the status of his vesting credits, he was told that the fact that he did not work as a union carpenter between 2006 and 2018 meant, under the terms of the Plan, that he was deemed to have had a "permanent break-in-service,." The Plan provided that a permanent break-in-service required the forfeiture of any vesting credits.

20. As a result, Mr. Caban was told he had forfeited his 2.75 vesting credits.

## The Union's Discriminatory and Improper Behavior Rendered the Plan Structurally Defective

21. Because Mr. Caban had regularly been denied work assignments between 1993 and 2005, due to the Union's race discrimination and other improper behavior, he did not accrue the 5 vesting credits required to become vested in his pension benefit during the 12 years he was available for and sought full-time work from the Union.

22. Given this history of unlawful practices allowing nonmembers to "cut the line" to the detriment of Union members such as Mr. Caban and obtain work assignments through the Union despite being ineligible for membership, as well as discriminatory practices

3

restricting nonfavored members such as Mr. Caban from obtaining work assignments, Mr. Caban was unable to accrue the necessary vesting credits to become vested in his pension benefits despite working as a carpenter over a period of 12 years.

23. The Union's discriminatory and improper behavior, which prevents Union members from acquiring vesting credits as they would have done in the regular course of their work absent the Union's discriminatory and improper behavior, renders the Plan structurally defective in violation of ERISA.

24. In particular, the Plan provisions requiring 5 vesting credits for a participant's pension benefits to vest and deeming a 5-year lack of work through the Union to constitute a permanent break-in-service, requiring the forfeiture of any vested pension benefits, are unnecessarily restrictive and constitute a structural defect in the Plan.

Exhaustion of Administrative Remedies

25. On March 12, 2019, Mr. Caban sent a letter to the District Council Board of Trustees, asking for the reinstatement of his vesting credits.

26. On June 14, 2019, the District Council, via its representative Monica Schmidt, denied Mr. Caban's request and informed him of his right to bring a civil suit under ERISA Section 502(a).

4